NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 8 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| PATRICK H. MONTERO, Plaintiff-Appellant, v. NANCY A. BERRYHILL, Acting Commissioner Social Security, Defendant-Appellee. | No. 16-15555 No. 1:15-CV-00196-HG-KSC MEMORANDUM* |

Appeal from the United States District Court
for the District of Hawai'i
Helen Gillmor, District Judge, Presiding

Submitted June 6, 2018-**

Before: GOODWIN, LEAVY, and, SILVERMAN, Circuit Judges.

Patrick Montero appeals the district court's judgment affirming the

Commissioner of Social Security's denial of Montero's application for

supplemental security income under Title XVI of the Social Security Act. We have

jurisdiction under 28 U.S.C. § 1291 and 42 U.S.C. § 405(g). We review the district

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

court's order de novo and the agency's decision for substantial evidence and legal error. *Molina v. Astrue*, 674 F.3d 1104, 1110-11 (9th Cir. 2012). We reverse and remand.

The ALJ erred in posing the hypothetical to the vocational expert ("VE") because the ALJ did not include Montero's alleged limitations that he could not work continuously and needed to take rest days, or provide clear and convincing reasons for discounting this testimony. *See Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1103 (9th Cir. 2014) (ALJ must identify "what parts of the claimant's testimony were not credible and why"); *Hill v. Astrue*, 698 F.3d 1153, 1162 (9th Cir. 2012) ("If a vocational expert's hypothetical does not reflect all the claimant's limitations, then the expert's testimony has no evidentiary value to support a finding that the claimant can perform jobs in the national economy." (citation and internal quotation marks omitted)). This error was not harmless because it was not "inconsequential to the ultimate nondisability determination." *Molina*, 674 F.3d at 1115 (citation and internal quotation marks omitted). Because it is not clear, however, that if the evidence were credited as true, the ALJ would be required to find Montero disabled, we remand the case to the agency for further proceedings. *See Treichler*, 775 F.3d at 1105 ("Where . . . an ALJ makes a legal error, but the record is uncertain and ambiguous, the proper approach is to remand the case to the agency.").

The record does not support the Commissioner's contention that Montero waived this argument by failing to raise it in the district court or to argue the issue with the requisite specificity. *Cf. Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008).

We reject Montero's contention that the ALJ failed to fully and fairly develop the record because the ALJ did not assist Montero with formulating his own hypothetical to the VE. *Cf. Vidal v. Harris*, 637 F.2d 710, 714 (9th Cir. 1981) (concluding that the claimant was "clearly prejudiced by the inadequate examination of the [VE]" concerning the claimant's limitations where it was "clear from the record that the claimant was totally incapable of challenging the [VE]'s conclusions").

**REVERSED AND REMANDED.**